UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KENNETH TOPP, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT DONE RIGHT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 6:22-cv-01159 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW comes KENNETH TOPP ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CREDIT DONE RIGHT, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the Texas Credit Services Organizations Act ("TCSOA") under Tex. Fin. Code § 393.101 *et seq.*, in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Western District of Texas and a substantial portion of the events or omissions giving rise to the instant claims occurred within the Western District of Texas.

1

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Killeen, Texas.

5. Defendant is a credit repair organization whose purpose is to "make sure you can achieve your goals and obtain the fresh start you deserve."[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 8940 Fourwinds Drive, Suite 201, Windcrest, Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately June of 2020, Plaintiff was wanting to go about addressing a number of debts which were appearing on his credit reports, and so began researching credit repair companies.

8. After viewing an advertisement from Defendant promising to remove information from his credit report and promising "guaranteed results," Plaintiff spoke with Defendant about the nature of its services.

9. Defendant advised that it would be able to remove the information Plaintiff wanted removed from his credit report, and that it guaranteed its results if Plaintiff agreed to make certain payments over a period of time.

10. Defendant explicitly represented to Plaintiff that its services would result in the improvement of his credit score given the removal of the negative information from his credit report.

---

[1] https://www.uniteddebtcounselors.com/

11. Wanting his credit to improve so as to increase his financing options, Plaintiff subsequently entered into a contract with Defendant in connection with the provision of its credit repair services.

12. Plaintiff made his payments to Defendant on a consistent basis, and paid over $600, as well as additional monthly fees, in connection with Defendant´s services.

13. However, despite making his monthly payments to Defendant, Defendant failed to perform the services in the manner it represented such services would be performed.

14. Defendant represented that its results were guaranteed and that Plaintiff would get all of the information removed from his credit report; however, Defendant did not get all of Plaintiff's information removed and was unable to get certain information removed.

15. In addition to the above deceptive and misleading conduct, Defendant's contract with Plaintiff contains numerous violations of state and federal law as it fails to contain the requisite information and disclosures.

16. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

18. Plaintiff repeat and reallege paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

20. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

21. Defendant explicitly held itself out to Plaintiff, and holds itself out to consumers generally, as providing its services for the explicit purpose of improving consumer's credit so as to assist such consumer's in achieving their financial goals.

    a.  **Violations of CROA § 1679b(a)**

22. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

23. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Defendant deceptively and misleadingly guaranteed results if Plaintiff agreed to make certain payments; however, despite Plaintiff making such payments, Defendant failed to deliver the represented results. Upon information and belief, Defendant has a pattern and practice of misrepresenting the efficacy of its services so as to dupe unsuspecting consumers into making payments under fraudulent and deceptive pretenses.

### b. Violations of CROA § 1679b(b)

24. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

25. Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Plaintiff paid Defendant hundreds of dollars in fees despite Defendant failing to perform the services and achieve the represented results that would have justified its retention of such payments and fees.

### c. Violation of CROA § 1679c

26. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

27. Defendant violated § 1679c through its complete failure to provide Plaintiff the required disclosures or a copy required disclosures.

### d. Violation of CROA §§ 1679d & 1679e

28. The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for any contracts between CROs and their customers, including "a conspicuous statement, in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight on the 3rd business day after the date on which you signed the contract. See attached notice of cancellation form." Further, 15 U.S.C. § 1679e requires copies of the required notice of cancellation to be provided to consumers.

29. Defendant violated §§ 1679d & e through its noncompliant contract and failure to provide Plaintiff a disclosure of his rights to cancel any contract. Defendant's contract fails to provide the information required by 1679d(b), while simultanesouly failing to provide any notice of Plaintiff's right to cancel the contract at issue.

30. Due to Defendant's noncompliant contract, such contract is void and unenforceable pursuant to 15 U.S.C. § 1679f(c).

    e.  **Violation of CROA § 1679f(b)**

31. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

32. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA through its contract with Plaintiff. Defendant's contract contains language tantamount to an attempt to get Plaintiff to waive certain rights and protections afforded under the CROA, including a waiver of receiving his attorney's fees in the event he is successful in his CROA claims..

33. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, KENNETH TOPP, respectfully requests that the Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Arbitrator deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

36. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3).

### a. Violations of Tex. Fin. Code §§ 393.201 & 393.202

37. The TCSOA, pursuant to Tex. Fin. Code § 393.201, outlines certain requirements of the contracts entered into between consumers and credit services organizations. § 393.202 discusses the nature of a consumer's right to cancel contracts and how such right must be disclosed to consumers.

38. Defendant violated §§ 393.201(b)(1)-(4) & 393.202 through their failure to provide the information required under Texas law in the contract with Plaintiff. Defendant's contract plainly fails to contain the requisite information.

### b. Violations of Tex. Fin. Code § 393.302

39. The TCOSA, pursuant to Tex. Fin. Code § 393.302, prohibits credit service organizations from receiving money for their services before such services are fully performed.

40. Defendant violated § 393.302 in much the same way it violated § 1679b(b) of the CROA.

### c. Violations of Tex. Fin. Code §§ 393.304(1) & 393.305

41. The TCSOA, pursuant to Tex. Fin. Code § 393.304(1), prohibits a credit services organization from "mak[ing] or us[ing] a false or misleading representation in the offer or sale of

the services of the organization." Similarly, pursuant to Tex. Fin. Code § 393.305, "[a] credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

42. Defendant violated §§ 393.304(1) & 393.305 in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

WHEREFORE, Plaintiff, KENNETH TOPP, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 393.503(a)(1);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 393.503(b);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 393.502,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code §§ 393.503(a)(2)-(3); and,

f. Awarding any other relief the Honorable Court deems just and appropriate.

Dated: November 7, 2022                               Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com