FILED
December 08, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KENNETH TOPP<br>Plaintiff | § § § § § § § | Case No. 6:22-cv-01159 |
| vs. | | |
| CREDIT DONE RIGHT, INC.<br>Defendants | | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Defendant Credit Done Right, Inc. (Defendant) to file this, their Answer and Affirmative Defenses to Plaintiff, Kenneth Topp's (Plaintiff) Original Complaint, and respectfully shows the Court as follows:

### I. ARBITRATION AGREEMENT

Defendant entered into an arbitration agreement that requires arbitration of all claims it has asserted in this lawsuit. Accordingly, Plaintiff is in violation of its arbitration agreement, Plaintiff should be compelled to arbitrate its claims, and this lawsuit should be stayed pending the resolution of any such arbitration and the submittal of an arbitral award for confirmation. This Answer, including all defenses made herein, is made expressly subject to and without waiving Defendant's rights to compel arbitration and stay this lawsuit.

## II. ANSWER

### A. NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. Defendant admits the allegations contained in Paragraph One of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph Two of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph Three of Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph Four of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph Five of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph Six of Plaintiff's Complaint.

### B. ADMISSIONS AND DENIALS AS TO PLAINTIFF'S FACTUAL ALLEGATIONS

7. Defendant admits the allegations contained in Paragraph Seven of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph Eight of Plaintiff's Complaint to the extent Plaintiff alleges that Defendant "guaranteed results".

9. Defendant denies the allegations contained in Paragraph Nine of Plaintiff's Complaint to the extent Plaintiff alleges that Defendant "guaranteed results".

10. Defendant admits the allegations contained in Paragraph Ten of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph Eleven of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph Twelve of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph Thirteen of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph Fourteen of Plaintiff's Complaint to the extent that Defendant promised Plaintiff that it would remove all negative information from Plaintiff's credit report.

15. Defendant denies the allegations contained in Paragraph Fifteen of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph Sixteen of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph Seventeen of Plaintiff's Complaint.

## C. ADMISSIONS AND DENIALS AS TO PLAINTIFF'S CAUSES OF ACTION AND REQUESTS FOR RELIEF

18. Paragraph Eighteen of Plaintiff's Complaint does not call for averment.

19. Defendant admits the allegations contained in Paragraph Nineteen of Plaintiff's Complaint.

20. Defendant admits the allegations contained in Paragraph Twenty of

Plaintiff's Complaint.

21. Defendant admits the allegations contained in Paragraph Twenty-One of Plaintiff's Complaint.

22. Paragraph Twenty-Two of Plaintiff's Complaint is a statement of law and does not call for an averment.

23. Defendant denies the allegations contained in Paragraph Twenty-Three of Plaintiff's Complaint.

24. Paragraph Twenty-Four of Plaintiff's Complaint is a statement of law and does not call for an averment.

25. Defendant denies the allegations contained in Paragraph Twenty-Five of Plaintiff's Complaint.

26. Paragraph Twenty-Six of Plaintiff's Complaint is a statement of law and does not call for an averment.

27. Defendant denies the allegations contained in Paragraph Twenty-Seven of Plaintiff's Complaint.

28. Paragraph Twenty-Eight of Plaintiff's Complaint is a statement of law and does not call for an averment.

29. Defendant denies the allegations contained in Paragraph Twenty-Nine of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph Thirty of Plaintiff's Complaint.

31. Paragraph Thirty-One of Plaintiff's Complaint is a statement of law and

does not call for an averment.

32. Defendant denies the allegations contained in Paragraph Thirty-Two of Plaintiff's Complaint.

33. Paragraph Thirty-Three of Plaintiff's Complaint is a statement of law and does not call for an averment.

34. Paragraph Thirty-Four of Plaintiff's Complaint does not call for an averment.

35. Defendant admits the allegations contained in Paragraph Thirty-Five of Plaintiff's Complaint.

36. Defendant admits the allegations contained in Paragraph Thirty-Six of Plaintiff's Complaint.

37. Paragraph Thirty-Seven of Plaintiff's Complaint is a statement of law and does not call for an averment.

38. Defendant denies the allegations contained in Paragraph Thirty-Eight of Plaintiff's Complaint.

39. Paragraph Thirty-Nine of Plaintiff's Complaint is a statement of law and does not call for an averment.

40. Defendant denies the allegations contained in Paragraph Forty of Plaintiff's Complaint.

41. Paragraph Forty-One of Plaintiff's Complaint is a statement of law and does not call for an averment.

42. Defendant denies the allegations contained in Paragraph Forty-Two of

Plaintiff's Complaint.

### III. AFFIRMATIVE DEFENSES

**A. ASSUMPTION OF THE RISK**

43. Plaintiff knew or was aware of the risks associated with obtaining credit repair services from Defendant. Plaintiff had an opportunity to cancel the contract(s) with Defendant at any time prior to Defendant extending services to Plaintiff in exchange for payment. For these reasons, Plaintiff cannot bring an argument that Defendant misrepresented the terms and conditions of the contract that Plaintiff entered into.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing from this suit and pray further that this Court enter the judgment against the Plaintiff.

Respectfully submitted,

**THE WILEY LAW GROUP PLLC**

/s/ Kevin S. Wiley, Jr.
Kevin S. Wiley, Jr.
State Bar No. 24029902
325 N. St. Paul Street, Suite 4400
Dallas, Texas 75201
Tel: (469) 619-5721
Fax: (469) 619-5725
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copy of the foregoing has been served on December 6, 2022 to Plaintiff's counsel of record, Nathan C. Volheim of Sulaiman Law Group, Ltd, 2500 South Highland Ave., Suite 200, Lombard, Illinois 60148 via the Court's Electronic Case Filing System and electronic mail.

/s/ Kevin S. Wiley, Jr.
Kevin S. Wiley, Jr.